IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICES, LLC, | : | Case No. 1:18-cv-68 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REQUIRING PLAINTIFF TO AMEND ITS COMPLAINT** |
| BRENT BLACK, *et al.,* | : | |
| Defendants. | : | |

This matter is before the Court on Defendant's Federal Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint. (Doc. 16.) Plaintiff filed a memorandum in opposition to which Defendant has replied. (Docs. 17, 18.) For the reasons set forth below, Defendant's Motion will be DENIED at this time, but Plaintiff must file an Amended Complaint, including an allegation supporting this Court's jurisdiction no later than June 7, 2018.

## I. BACKGROUND

### A. Facts

Plaintiff Total Quality Logistics, LLC ("TQL") and Defendant Logistic Dynamics, Inc. ("LDI") are competitors in the freight brokerage industry. (Complaint, Doc. 4 at ¶ 7.) TQL provides its employees with extensive, unique training and requires them to sign employee non-compete agreements to protect its operational secrets and other confidential information. (Doc. 4 at ¶¶ 10, 17.) TQL alleges that LDI knew Black, Geiselhart, and other unnamed employees signed non-compete agreements and intentionally induced employees to breach those agreements to TQL's detriment. (Doc. 4 at ¶¶ 79–86.)

1

**B. Procedural Posture**

TQL initiated this action in the Court of Common Pleas in Clermont County, Ohio, but Defendants removed the case to this Court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, Doc. 1.) TQL originally named three Defendants: Brent Black and Matthew Geiselhart—former TQL employees subsequently employed by LDI—and LDI. (Doc. 4 at ¶¶ 2–4.) TQL alleged claims for breach of contract, breach of fiduciary duty, and misappropriation of trade secrets against Black and Geiselhart, and a claim for tortious interference with a contractual relationship against LDI. (Doc. 4 at ¶¶ 37–86.) However, TQL voluntarily dismissed with prejudice all claims against Black (Doc. 9), and it is does not appear that Geiselhart has been served in this matter. Thus, the only claim properly before the Court at this time is the tortious interference claim against LDI.

Defendant LDI filed the instant Rule 12(b)(6) Motion to Dismiss (Doc. 16). LDI contends that Plaintiff's tortious interference claim must be dismissed because: (1) the allegations against LDI are conclusory and therefore fail to meet the *Twombly/Iqbal* pleading standard; and (2) hiring an individual subject to a non-compete agreement does not—without more—amount to tortious interference with contractual relations. (Doc. 16 at PageID 144.) Plaintiff TQL contends that its complaint states an actionable claim against LDI, but, in the alternative, TQL requests leave to amend its complaint. (Doc. 17 at PageID 162–63.)

**II.    MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure

8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (citation omitted). However, it "does not need detailed factual allegations" or "heightened fact pleading of specifics." *Twombly*, 550 U.S. at 555, 570. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79; *DiGeronimo Aggregates*, 763 F.3d at 509.

Allegations based upon information and belief are appropriate only "where a complaint contains supporting factual allegations." *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 1599518, at *3 (S.D. Ohio Apr. 21, 2014). A plaintiff "must plead facts that create a permissible inference of wrongdoing." *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) (internal quotation and citation omitted). "The mere fact that someone believes something to be true does not create a plausible inference that it is true." *Id.*

In the case at bar, TQL's single claim against LDI states, in its entirety:

> 77. Plaintiff incorporates by reference all of the previous paragraphs set forth in this Verified Complaint as if fully rewritten herein.
> 78. The Agreement is a valid and binding agreement between TQL and Black.
> 79. Upon information and belief, LDI had knowledge of the existence of the Agreement between TQL and Black.
> 80. Upon information and belief, LDI intentionally, and without justification or excuse, induced Black to breach the Agreement with TQL.
> 81. The Agreement is a valid and binding agreement between TQL and Geiselhart.
> 82. Upon information and belief, LDI had knowledge of the existence of the Agreement between TQL and Geiselhart.
> 83. Upon information and belief, LDI intentionally, and without justification or excuse, induced Geiselhart to breach the Agreement with TQL.
> 84. LDI had knowledge of the existence of similar or identical agreements between TQL and other individual former employees.
> 85. LDI intentionally, and without justification or excuse, induced other individual employees to breach their agreements with TQL.
> 86. As a direct and proximate result of LDI's conduct, TQL has been damaged.

(Doc. 4 at ¶¶ 77–86.) These paragraphs plead only "labels and conclusions [or] a formulaic recitation of the elements"[1] that the Supreme Court found insufficient to pass Rule 12(b)(6) muster. *See Twombly*, 550 U.S. at 555. While the claim incorporates by reference the prior paragraphs, those paragraphs do not contain any factual allegations against LDI. They speak only to Black's and Geiselhart's alleged actions.

Anticipating that the Court likely would reach this conclusion, TQL has requested leave to amend its complaint. (Doc. 17 at PageID 162–63.) In the interest of ensuring that justice is

---

[1] "The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *PNH, Inc. v. Alfa Laval Flow, Inc.*, 2011-Ohio-4398, ¶ 40, 130 Ohio St. 3d 278, 287 (2011) (quoting *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, syl. para. 1, 707 N.E.2d 853 (1999)).

served, the Court will allow TQL to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

### III.     JURISDICTION

As explained above, TQL initiated this case in the Court of Common Pleas in Clermont County, Ohio, alleging claims against three defendants with damages "in an amount in excess of $25,000.00, to be determined at trial . . ." (Doc. 4 at PageID 94.) LDI removed the case to this Court alleging original jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at ¶ 7.) In support of the jurisdictional amount, LDI attaches an affidavit apparently filed in an unrelated case in the Southern District of Texas in which a TQL official claims TQL "expended well over $75,000 protecting its trade secrets and other confidential information" in that case. (Montelisciani Aff., Exhibit A to Doc. 1, PageID 9 at ¶ 15.) However, the misappropriation of trade secrets, breach of contract, and breach of fiduciary duty claims have been voluntarily dismissed as to Defendant Black (Doc. 9), and there is no evidence that Defendant Geiselhart—the only other defendant against whom similar claims have been made—has ever been served in this case. Thus, the only claim left here is the tortious interference claim against Defendant LDI. TQL alleges that it has incurred damages in excess of $25,000 (Doc. 4 at PageID 94), but there is no allegation or evidence in the record that this single claim reaches the diversity jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332(a). Accordingly, the Court is concerned that it lacks jurisdiction in this matter.

## IV. CONCLUSION

For the foregoing reasons, Defendant LDI's Motion to Dismiss is **DENIED** at this time. Plaintiff must file an Amended Complaint no later than June 7, 2018, including an appropriate basis for this Court's jurisdiction. Otherwise, this matter will be dismissed.

**IT IS SO ORDERED**.

Dated: May 22, 2018      S/Susan J. Dlott_____
                         Judge Susan J. Dlott
                         United States District Court