IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICES, LLC, | : | Case No. 1:18-cv-68 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | **ORDER DENYING DEFENDANT'S** |
| BRENT BLACK, *et al.,* | : | **MOTION TO DISMISS** |
| | : | |
| Defendants. | : | |
| | : | |

This matter is before the Court on Defendant's Federal Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Doc. 24). Plaintiff filed a memorandum in opposition to which Defendant has replied (Docs. 25, 26). For the reasons set forth below, Defendant's Motion to Dismiss will be DENIED.

**I.    RELEVANT FACTS**

Plaintiff Total Quality Logistics, LLC ("TQL") and Defendant Logistic Dynamics, Inc. ("LDI") are competitors in the freight brokerage industry. (Am. Compl., Doc. 22 at ¶ 7.) TQL provides its employees with extensive, unique training; and requires them to sign employee noncompetition agreements to protect its operational secrets and other confidential information. (Doc. 22 at ¶¶ 9, 14.) TQL alleges that LDI knew that Geiselhart and nine other former employees signed noncompetition agreements and intentionally induced those employees to breach their agreements to TQL's detriment. (Doc. 22 at ¶¶ 15, 25, 43, 99-100.)

**A.    PROCEDURAL POSTURE**

TQL initiated this action in the Court of Common Pleas in Clermont County, Ohio, but Defendants removed the case to this Court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, Doc. 1.) TQL originally named three Defendants: LDI and two

1

former employees – Brent Black and Matthew Geiselhart. (Doc. 22 at ¶¶ 2–4.) However, TQL voluntarily dismissed with prejudice all claims against Black (Doc. 9), and it is does not appear that Geiselhart has been served in this matter. Thus, the only claim properly before the Court at this time is the tortious interference claim against LDI.

On April 12, 2018, Defendant LDI filed a Rule 12(b)(6) Motion to Dismiss and contended that Plaintiff TQL's allegations were conclusory. (Doc. 16). This Court agreed that TQL pled only "labels and conclusions" and noted that TQL asserted few allegations against LDI and instead asserted the specific allegations against Black and Geiselhart. (Doc. 20 at PageID 176.) However, in the interest of justice, this Court granted TQL leave to amend its pleadings. (Doc. 20 at PageID 177.) Plaintiff TQL filed its Amended Complaint on June 7, 2018. (Doc. 22). Defendant LDI subsequently filed the instant Rule 12(b)(6) Motion to Dismiss. (Doc. 24).

LDI contends that TQL's tortious interference claim must be dismissed because the allegations against LDI are conclusory and therefore fail to meet the *Iqbal/Twombly* pleading standard. Specifically, Defendant LDI contends that: (1) Plaintiff TQL has pleaded no specific facts supporting tortious interference "as to the ten Former TQL Employees at issue;" and (2) simply hiring an individual subject to a noncompetition agreement does not amount to tortious interference with contractual relations. (Doc. 24 at PageID 286-289; Doc. 26 at PageID 312-13.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (citation omitted). However, it "does not need detailed factual allegations" or "heightened fact pleading of specifics." *Twombly*, 550 U.S. at 555, 570. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79; *DiGeronimo Aggregates*, 763 F.3d at 509.

Allegations based upon information and belief are appropriate only "where a complaint contains supporting factual allegations." *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 WL 1599518, at *3 (S.D. Ohio Apr. 21, 2014). A plaintiff "must plead facts that create a permissible inference of wrongdoing." *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) (internal quotation and citation omitted). "The mere fact that someone believes something to be true does not create a plausible inference that it is true." *Id.*

## III. MOTION TO DISMISS

"The elements of the tort of tortious interference with contract are (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional

3

procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." *PNH, Inc. v. Alfa Laval Flow, Inc.*, 2011-Ohio-4398, ¶ 40, 130 Ohio St. 3d 278, 287 (2011) (quoting *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, syl. para. 1, 707 N.E.2d 853 (1999)).[1]

The primary dispute is whether Plaintiff TQL has sufficiently pled facts to support the third element – the wrongdoer's intentional procurement of the contract's breach. TQL pleads three facts from which this element could plausibly be satisfied: (1) two LDI recruiters conceded their knowledge of TQL's noncompetition agreements by representing that former TQL employees were working for LDI despite the existence of such agreements; (2) several LDI recruiters solicited TQL employees to work for LDI anyway; and (3) at least one LDI recruiter represented to Plaintiff's employees that LDI knew how to "get around" TQL's noncompetition agreements. (Doc. 22 ¶¶ 16-19.) These facts, if true as pled, demonstrate that LDI had knowledge of the noncompetition agreements and solicited TQL employees who were subject to these agreements. These factual assertions plausibly support the inference that LDI intended to procure a breach of the employees' noncompetition agreements with TQL. Thus, TQL has met its burden.

Defendant LDI responds that these specific factual allegations are not directly tied to the ten former employees at issue. (Doc. 26 at PageID 312-13.) In other words, LDI argues that TQL must satisfy each element of tortious interference *as to each specific employee in question*. This assertion is inconsistent with the *Iqbal/Twombly* plausibility standard for pleadings. Treating these facts as true, which we must, a trier of fact could reasonably conclude that LDI

---

[1] The Court does not decide whether Ohio or Florida law applies to this case. However, both parties agreed that the elements for a tortious interference claim are substantially the same in both states, and this potential choice-of-law issue is irrelevant for purposes of deciding this Motion to Dismiss. (Doc. 24 at PageID 288; Doc. 25 at PageID 300.)

did intend for the former TQL employees to breach their noncompetition agreements. TQL has pled "facts that create a permissible inference of wrongdoing." *In re Darvocet*, 756 F.3d at 931 (internal quotation and citation omitted).

Finally, LDI contends that, as a matter of law, TQL has failed to state a claim for relief because "simply hiring or retaining an individual subject to a non-compete agreement does not amount to tortious interference." (Doc. 24 at PageID 288.) LDI's assertion misstates the pleadings. TQL has not merely alleged that LDI hired an employee subject to a noncompetition agreement. TQL instead alleges that LDI *actively solicited* TQL employees – despite knowledge that these employees were subject to noncompetition agreements, and with a plan to "get around" the agreements. (Doc. 22 ¶¶ 97-100).

## IV. CONCLUSION

For the foregoing reasons, Defendant LDI's Motion to Dismiss (Doc. 24) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 15, 2018  s/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court