IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:18-cv-68 |
| --- | --- | --- |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER AWARDING ATTORNEYS'** |
| | : | **FEES AND DENYING AS MOOT** |
| LOGISTIC DYNAMICS, INC. | : | **DEFENDANT'S MOTION FOR** |
| | : | **SUMMARY JUDGMENT** |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion Objecting to Portions of Logistic Dynamics, Inc.'s ("LCI") Submission for Attorneys' Fees (Doc. 57). Defendant LDI responded to Plaintiff Total Quality Logistics' ("TQL") objections (Doc. 58), to which Plaintiff replied (Doc. 59). This matter is now ripe for adjudication.

Previously, TQL moved to dismiss this matter without prejudice, and LDI moved for summary judgment. As part of the Order resolving those motions (Doc. 54), the Court offered TQL the following options: (1) pay LDI's costs and fees in an amount to be determined by the Court after review of LDI's itemized billing records, but not to exceed $42,862.10; or (2) reject the conditional dismissal without prejudice and file a response to Defendant's Motion for Summary Judgment.

TQL elected to dismiss this matter without prejudice and pay LDI's costs and fees in an amount to be determined by the Court in an amount not to exceed $42,862.10. (Doc. 56.) Accordingly, LDI's Motion for Summary Judgment (Doc. 45) will be **DENIED AS MOOT**. In addition, for the reasons stated below, TQL will pay LDI costs and fees in the amount of $36,032.43.

1

**I. TQL'S OBJECTIONS**

LDI requested $42,829.97 for attorneys' fees and costs. TQL contends that amount should be reduced by $33,608.34 for work that can be used in other pending or future litigation and by $1,855.26 for "unidentifiable, unnecessary and unreasonable" work. (Doc. 57 at PageID 789.) According to TQL, then, the Court should allow only $7,366.37 in fees and costs. (Doc. 57 at PageID 781.) The Court will address TQL's objections individually.

**A. Work Which Can Be Reused in Subsequent or Related Litigation**

As fully discussed in the Court's prior Order (Doc. 54), where a Court concludes that a dismissal without prejudice is appropriate under Rule 41(a)(2), it may elect to condition such dismissal "on terms [it] considers proper." Fed. R. Civ. P. 41(a)(2). As Rule 41(a)(2) exists to protect a defendant from unfair treatment, conditions imposed should be designed "to alleviate the harm caused to the defendant by the dismissal." *Walther v. Florida Tile, Inc.*, No. 18-3747, 2019 WL 2394235, at *6 (6th Cir. June 6, 2019) (quoting *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 481 F.3d 926, 931 (6th Cir. 2007) ("*Bridgeport I*")).

Rule 41(a)(2) conditions often require the plaintiff to reimburse the defendant for the costs and attorneys' fees incurred in defending the action the plaintiff seeks to dismiss voluntarily. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009) ("*Bridgeport II*"). The payment of fees, however, should be limited to that work which cannot be reused in subsequent or related litigation. *Spar Gas, Inc. v. AP Propane, Inc.*, 56 F.3d 65 (Table), 1995 WL 313732, at *1 (6th Cir. May 22, 1995).

In the case at bar, TQL contends that $33,608.34 of LDI's $42,829.97 request is attributable to work which can be reused in subsequent or related litigation and, therefore, must be excluded from LDI's Rule 41(a)(2) reimbursement. (Doc. 57 at PageID 784.) TQL divided

the fees to which it objects into six sub-categories: (1) time spent on other pending cases; (2) research that can be used in future or related litigation; (3) motions to dismiss that can be used in future or related litigation; (4) fact investigation that can be used in future or related litigation; (5) motions for summary judgment that can be used in future or related litigation; and (6) strategic research and planning that can be used in future or related litigation. However, both TQL and LDI address the fees issues in broad categories rather than by specific entry, thereby leaving the Court to decipher the billing records with somewhat limited information. On the record presented, the Court concludes as follows.

### 1. Time Spent on Other Pending Cases

TQL first objects to inclusion of time entries related to other lawsuits. LDI admits that a clerical error caused inclusion of time entries related to other lawsuits. (Doc. 58 at PageID 916, n. 1.) However, LDI notes that those time entries are beyond the $42,829.97 it requests. Accordingly, the Court will exclude those entries from the amount awarded.

### 2. Work Useable in Future or Related Litigation

The Court thoroughly reviewed both the billing entries submitted and TQL's 27-page list of entries it contends should be excluded as usable in future or related litigation. The Court agrees with TQL that much of the legal research conducted in this matter can be reused in related litigation between these parties. However, the Court agrees with LDI that the work conducted on fact-specific tasks (including reviewing and drafting documents in this case and communicating with the client regarding those documents) is not readily reusable in related litigation. Accordingly, the Court will exclude $2,112.64 in billings that the Court deems useable in related litigation.

### 3. Rule 30(b)(6) Deposition

The parties in this case conducted two corporate representative depositions on the same day at the same place—one for this case and one for *TQL v. Hyde & LDI*, No. 2018-CVH-01149 (Clermont Cty. C.P.). (Doc. 57 at PageID 781, n. 5.) Because two separate depositions were conducted, the Court declines TQL's invitation to deduct all billing entries related to the Rule 30(b)(6) deposition in this matter. However, the Court will deduct the travel time and expenses billed for that trip because LDI attorneys would have travelled to Cincinnati anyway to conduct the deposition for the Clermont County case. Accordingly, the Court will deduct $3,318.30[1] from the total awarded.

### B. Allegedly Unidentifiable, Unnecessary, and Unreasonable Fees

TQL contends that LDI's fee should be reduced by $1,855.26 for "unidentifiable, unnecessary, and unreasonable fees." (Doc. 57 at PageID 781.) LDI acknowledges that $916.60 should be subtracted from the fee request because a time entry is vague, missing from those submitted to the Court, or involved a non-compensable clerical task. (Doc. 58 at PageID 922.) In addition, the Court will reduce the award by an additional $450 for time spent on a motion that was ultimately withdrawn as violative of the Court's local rules. (*See Id.*) Accordingly, the Court will deduct $1,366.60 from the total awarded.

### II. CONCLUSION

Accordingly, the Court **GRANTS IN PART** Plaintiff TQL's Motion Requesting Reduction of Attorneys' Fees (Doc. 57). In addition, Defendant LDI's Motion for Summary Judgment (Doc. 45) is **DENIED AS MOOT**. The Court awards LDI a total of $36,032.43 in

---

[1] The Court recognizes that part of this amount was billed for "attendance at TQL's 30(B) deposition." (Doc. 57-2 at PageID 870.) However, the amount billed for attendance and the amount billed for travel are not ascertainable from the billing entries submitted. Therefore, the Court will deduct the entire entry.

attorneys' fees and costs pursuant to the Court's prior Order (Doc. 54).  This matter is hereby

closed and terminated from the Court's docket.

**IT IS SO ORDERED**.

Dated:  September 9, 2019             S/Susan J. Dlott_____
                                       Judge Susan J. Dlott
                                       United States District Court