IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:18-cv-68 |
| --- | --- | --- |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND IMPOSING LIMITED DEDUCTION OF ATTORNEY FEE AWARD** |
| LOGISTIC DYNAMICS, INC. | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Awarding Attorneys' Fees (Doc. 62). Defendant LDI responded to Plaintiff's Motion (Doc. 63), to which Plaintiff replied (Doc. 64). For the reasons stated below, the Court will deduct an additional $3,303.90 from the Court's prior award of attorneys' fees (Doc. 60). The Plaintiff's Motion for Reconsideration is **DENIED**.

TQL initiated this action in January 2018. TQL voluntarily dismissed claims against Defendant Brent Black almost immediately (Doc. 9) and never bothered to obtain service on Defendant Matthew Geiselhart. After maintaining the action for more than 14 months in what appears at this juncture to be for purposes of harassment, TQL moved to voluntarily dismiss all claims against the only remaining defendant, LDI. (Doc. 41.) In its motion to dismiss, TQL implores the Court to permit the dismissal without prejudice of Count IV so as not to negatively impact other litigation pending in other courts and/or before other judges. (Doc. 41 at PageID 379–80.)

LDI vehemently opposed TQL's dismissal motion (Doc. 42) and moved for summary judgment on all claims against it, including Count IV. (Doc. 45.) As part of the Order resolving those motions, the Court very generously offered TQL the following options: (1) pay LDI's costs

and fees in an amount to be determined by the Court but not to exceed $42,862.10; or (2) reject the conditional dismissal without prejudice and file a response to Defendant's Motion for Summary Judgment. (Doc. 54.)

TQL elected to dismiss this matter without prejudice and pay LDI's costs and fees in an amount not to exceed $42,862.10. (Doc. 56.) Based on TQL's request, the Court then denied LDI's Motion for Summary Judgment as moot. (Doc. 60.) LDI requested fees and costs in the amount of $42,829.97, and TQL filed a Motion Objecting to and Requesting Reduction of Attorney Fees (Doc. 57).

TQL's memorandum in support of its motion for reduction was nine pages long and addressed the attorneys' fees issues in broad categories. (Doc. 57 at PageID 783–791.) The attachments to TQL's memorandum in support totaled 124 pages. (Doc. 57 at PageID 792–915.) Of those attachments, 78 pages are billing statements from the law firm representing the Defendant. (Doc. 57-1 at PageID 792–869.) These statements contain typical billing entries, including names and initials the Court does not recognize and for which the Court was provided no explanation. TQL attached an additional 31 pages entitled "Reduction Categories" for which TQL simply listed a category (e.g., "research" or "miscellaneous") and then reprinted the billing records under each heading that it believed warranted reduction. (Doc. 57-2 at PageID 870–896 and Doc. 57-3 at PageID 897–900.) As a random example, the first two entries under the "reduction category" entitled "miscellaneous" read, "review of docket and obtaining copies of pleadings to date" and "telephone call to Jack Michael Fox concerning efforts to date." (Doc. 57-3 at PageID 897.)

The Court was given no context in which to understand these entries and had never heard the name "Jack Michael Fox" (although a Google search revealed that LDI has a General

Counsel in New York with that name).  Nevertheless, the Court read every word on all 124 pages of the attachments, including the categories into which TQL claimed these billing entries belonged.  The Court then deciphered the records to the best of its ability, deducted sums found to be appropriate, and reduced the fees TQL agreed to pay from $42,829.97 to $36,032.43.  (Doc. 60.)

TQL then filed a three-and-a-half-page memorandum in support of its Motion for Reconsideration largely rehashing the same arguments summarily made in its objections and request for reduction and asking "that this Court reconsider the portion of its Order awarding LDI $36,032.43 in attorneys' fees and costs." (Doc. 62 at PageID 950.)  The Court declines TQL's invitation to reconsider.

However, the parties agree that $3,303.90 from another case was billed to this matter due to a clerical mistake.  (Doc. 63 at PageID 951.)  In its prior Order regarding fees (Doc. 60), the Court relied in error on LDI's representation that the amount erroneously billed was "beyond the $42,829.97 it requests here." (Doc. 58 at PageID 916, n. 1.)  Because the Court relied on LDI's representation,[1] the Court did not deduct the $3,303.90 from the fee amount previously.

Accordingly, the Court hereby deducts an additional $3,303.90 from the prior fee amount to account for the clerical error in LDI's billing records.  This matter is once again closed and terminated from the Court's active docket.  **Any further filings in this action will result in an additional award of attorneys' fees.**

**IT IS SO ORDERED**.

Dated:  11/7/2019            S/Susan J. Dlott
                                              Judge Susan J. Dlott
                                              United States District Court

---

[1] LDI now alleges that its prior statement was a mistaken response to a position TQL previously stated.  (Doc. 63 at PageID 951, n. 1.)